1 **WO**
2
3
4
5
6 **IN THE UNITED STATES DISTRICT COURT**
7 **FOR THE DISTRICT OF ARIZONA**
8

Steven P Garcia,

No. CV-16-00407-TUC-DTF

Petitioner,

**ORDER**

v.

Steven Lake,

Respondent.

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") brought pursuant to 28 U.S.C. § 2241. (Doc. 1.) At the time the Petition was filed, Petitioner Stephen P. Garcia ("Petitioner") incarcerated at the Federal Correction Institution in Safford, Arizona in service of an 84-month sentence with a 60-month terms of supervised release for Conspiracy to Manufacture Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and an 18-month sentence with a 36-month term of supervised release for Escape from Custody, in violation of 18 U.S.C. § 751(a). (Doc. 14 at Ex. A.) Petitioner contends that he should be given some credit for time he spent incarcerated in Mexico (while he was on escape status). (Doc. 1 at 4; Doc. 9 at p. 1.) The Petition is fully briefed and all parties have consented to a decision being rendered by a United States Magistrate Judge. (Docs. 14, 18.) As more fully set forth below, the Petition will be **dismissed**.

…

…

## BACKGROUND

On February 1, 1997, Petitioner was arrested by Federal Drug Enforcement Administration officers on drug charges. (Doc. 14 at Ex. A ¶ 6.) On February 26, 1997, Petitioner was released on bond. *Id.* On August 29, 1997, Petitioner was sentenced by the United States District Court for the Eastern District of California to 84-months in prison followed by a 60-month term of supervised release for Conspiracy to Manufacture Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *Id.* at ¶ 7. On October 21, 1997, Petitioner reported to the prison camp at the United States Penitentiary in Lompac, California. *Id.* at ¶ 8. On December 30, 1997, he was transferred to the Taft Correctional Institution ("Taft") in Taft, California. *Id.* Almost one (1) year later, on December 6, 1998, Petitioner escaped from Taft. *Id.* at ¶ 9.

Over 14 years later, on April 9, 2013, Petitioner was arrested by the United States Marshals Service on escape charges. *Id.* at ¶ 10. On December 8, 2014, Petitioner was sentenced by the United States District Court for the Eastern District of California to 18-months imprisonment followed by a 36-month term of supervised release for Escape from Custody in violation of 18 U.S.C. § 751(a). *Id.* at ¶ 11. The sentencing court addressed whether Petitioner would be given credit for the time period that he claimed he was in a Mexican jail after he escaped from Taft stating:

> You know, I can't – it's up to the Bureau of Prisons whether they give, Mr. Garcia – whether they give you any credit at all for the time in custody. They probably have the resources to be able to actually check with the Mexican official to verify what had occurred. And if the Bureau of Prisons chooses to give you some credits, then that's up to them.

(Doc. 14 at Ex. B at p. 13.) The Bureau of Prisons computed Petitioner's aggregate sentence to be 102 months and currently projects that he will satisfy his aggregate sentence on August 12, 2018. *Id.* at Ex. A at ¶¶ 13-14.

## ANALYSIS

As explained below, the Court determines that the Petition must be dismissed. To start, Petitioner has failed to comply with an order of the Court and dismissal is proper on

this basis. On February 7, 2017, United States District Judge Jennifer G. Zipps issued an order authorizing service of the Petition and directing that Respondent file an answer. (Doc. 9.) This order warned Petitioner that failing to file and serve a notice of change of address during the course of this matter could result in dismissal of his Petition without further notice. *Id*. at pp. 1-2. As mentioned above, at the time Petitioner filed his Petition he was serving his sentence at the Federal Correctional Institution in Safford, Arizona. (Doc. 1.) As of the date of this Order, however, Petitioner is serving his sentence at a Residential Reentry Management field office in Sacramento, California. *See* https://www.bop.gov/inmateloc/. Petitioner did not file a notice of change of address with the Clerk of the Court as required by the Court's February 7th order. *See* Dkt. Accordingly, dismissal of this action is proper for Petitioner's failure to comply with the Court's February 7th order.

Petitioner has also failed to exhaust his administrative remedies and dismissal is proper on this basis. As explained by Respondent, to facilitate inmate complaints the Bureau of Prisons operates the Administrative Remedy Program. (Doc. 14 at p. 5.) The Administrative Remedy Program is designed to allow an inmate to seek formal review of an issue relating to any aspect of his or her confinement. *See* 28 C.F.R. § 542.10(a).

The United States Court of Appeals for the Ninth Circuit has made it clear that a federal prisoner must exhaust available administrative remedies before filing a habeas petition. *Martinez v. Roberts*, 804 F.2d 570 (9th Cir. 1986). To properly exhaust available administrative remedies, a petitioner must complete all stages of administrative review and comply with all of the agency's deadlines and applicable rules. *Woodford v. Hgo*, 548 U.S. 81, 89 (2006). The Ninth Circuit has instructed that when a prisoner files a petition for a writ of habeas corpus without exhausting his available administrative remedies, the court should dismiss the petition. *Martinez*, 804 F.2d at 571.

Here, as laid out by Respondent, the Administrative Remedy Program contains four (4) levels of review. (Doc. 14 at p. 5.) Based up records submitted by Respondent, the Court determines that Petitioner failed to complete all four levels of review. *Id*. at pp.

10-11. Specifically, Petitioner failed to file an appeal with the Central Office in proper form despite being provided repeated opportunities to do so. *Id*. at Ex. A at ¶¶ 19-22. Petitioner has failed to exhaust his available administrative remedies. Additionally, Respondent represents that the Bureau of Prisons has contacted the Mexican authorities to determine if Petitioner spent time in official detention in Mexico that is creditable to his current sentence. (Doc. 14 at p. 9.)

## CONCLUSION

Petitioner has failed to comply with an order of the Court and has also failed to exhaust his administrative remedies. The Petition will be **dismissed without prejudice**.

**IT IS HEREBY ORDERED** that the Petition (Doc. 1) is **dismissed** without prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to mail a copy of this Order to Petitioner Stephen P. Garcia, Fed. Reg. No. 09353-097, RRM Sacramento, Residential Reentry Office, 501 I Street, Suite 9-400, Sacramento, CA 95814.

Dated this 26th day of April, 2018.

Honorable D. Thomas Ferraro
United States Magistrate Judge